**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION**

**CASE NO.: 0:14-cv-60207-KMW**

JEFFREY S. BEAN, as personal representative
Of the Estate of CAROL A. BEAN,

    Plaintiff,

versus

BORG-WARNER CORPORATION, et al.,

    Defendants.
_____

**DEFENDANT SAINT-GOBAIN ABRASIVES, INC., F/K/A NORTON COMPANY'S TRIAL WITNESS LIST**

Defendant Saint-Gobain Abrasives, Inc., f/k/a Norton Company (hereinafter "Defendant") submits this Trial Witness List, per the Court's Scheduling Order. (Doc. 106).

**WITNESS LIST**

**Victor Louis Roggli, M.D., Ph.D.
Duke University Medical Center
Department of Pathology
2nd Floor – M-263, Davison Bldg.
Durham, NC 27710**

Dr. Roggli is a board certified pathologist who will give testimony regarding the pathological diagnosis of the medical condition which caused Mrs. Bean's death. Dr. Roggli will testify about chrysotile asbestos, doses of chrysotile asbestos, and the effect of exposures to chrysotile asbestos and at what dose levels. He will testify that decedent had a condition or illness caused by asbestos exposure and will testify on the latency period related to various asbestos-related diseases and the carcinogenic properties of different types of asbestos fibers.

Dr. Victor Roggli will testify concerning asbestos-related diseases and the effects of exposure to various asbestos-containing products upon persons in occupational settings and will further testify regarding the epidemiology of asbestos diseases, the criteria for diagnosis of asbestos-related disease, as well as the existence of a dose response relationship between exposure to asbestos and asbestos-related diseases. He may also testify regarding asbestos-containing products generally, including their asbestos fiber content, manufacture, use and their

respective ability to cause or contribute to disease, including quantification of exposures to asbestos thermal system insulation products and other friable asbestos products generally used by plaintiff.  He will testify specifically regarding the content and fiber type of the asbestos-containing products to which plaintiff was exposed and the propensity of various asbestos fiber types to contribute to mesothelioma or other asbestos-related disease.   Dr. Roggli will testify, consistent with his report, that, in his opinion, exposure to chrysotile asbestos from Defendant's product was not a substantial contributing factor to the development of Mrs. Bean's mesothelioma, as well as other testimony and opinions consistent with his report and Rule 26 expert disclosure.

**Marc J. Plisko, CIH, MD**
**Environmental Profiles, Inc.**
**8805 Columbia 100 Parkway, Suite 100**
**Columbia, MD 21045**

Mr. Plisko is an expert in the field of industrial hygiene and will discuss industrial hygiene issues related to this case.  Mr. Plisko's testimony will include, but will not be limited to: general industrial hygiene topics as described in the Rule 26 expert disclosure; the use and testing of the asbestos-containing products, fiber emission levels from those products and a comparison of those products to Saint-Gobain's products; the different types of asbestos fibers; a fiber year analysis of the decedent's exposure to asbestos; his opinion that the decedent's alleged "take home" or "third party" exposure to Saint-Gobain's products was incapable of causing or contributing to any asbestos-related disease; that Saint-Gobain's products are not defective or dangerous products to workers in the workplace because the levels of asbestos fiber emitted from them during usage is within the range of asbestos fiber levels encountered by the general population from the ambient air; that warning labels for Saint-Gobain's products are not necessary nor required to protect the worker in the workplace; the difference between friable and non-friable products; fiber drift; and any topics addressed by any other industrial hygienist in this matter.

Mr. Plisko will also testify, consistent with his report, that if Mr. Bean used asbestos-containing grinding wheels of the Defendant, any exposure to him would have been lower than background levels, and any exposure to Mrs. Bean would have been insignificant and not detectable.

**Thomas H. Service, Ph.D., P.E.**
**Manager of World Product Safety**
**c/o Saint-Gobain Abrasives, Inc.**
**PO Box 15008 - M/S 413-201**
**One New Bond Street**
**Worcester, MA 01615-0008**

Dr. Service is employed by Saint-Gobain as Manager of World Product Safety.  Dr. Service will testify, based upon his experience with Saint-Gobain abrasive products, as well as abrasive products generally, including superabrasive grinding wheels, as to the design, shapes, sizes, and composition of Norton superabrasive grinding wheels.  Dr. Service will testify regarding the various types of grinding wheels and grinding equipment and the intended use and application

2

for such grinding wheels and equipment as, well as the composition and makeup of the grinding wheels.

**Eugene P. Bean**
**93 Hollow Creek Drive, Unit 3**
**Colchester, VT**

Eugene Bean will testify regarding his use of grinding wheels while employed at the General Electric Plant in Burlington, Vermont, from 1967-1971. Mr. Bean will also testify as to his shade tree automobile mechanic work and exposure to asbestos from automotive friction products.

**Carol A. Bean**
**Via Deposition**

Carol Bean will testify regarding Mr. Bean's employment at the General Electric Plant in Burlington, Vermont, from 1967-1971. Mrs. Bean will also testify to Mr. Bean's shade tree automobile mechanic work, which she assisted him in performing, and exposure to asbestos from automotive friction products used by Mr. Bean.

Defendant reserves the right to call any and all witnesses listed by any other party to this action, whether Plaintiff or Defendant. Defendant further reserves the right to use any deposition transcript listed by any other party to this action, whether Plaintiff or Defendant.

Defendant reserves the right to call additional witnesses not listed herein for purposes of rebuttal or to otherwise testify concerning evidence Plaintiff may produce at trial.

Respectfully submitted this 29th day of September, 2015.

HAWKINS PARNELL
THACKSTON & YOUNG LLP

/s/ Todd C. Alley
Todd C. Alley
Florida Bar No. 108536
Email: talley@hptylaw.com
Evelyn F. Davis
Florida Bar No. 0162744
Email: edavis@hptylaw.com
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3243
(404) 614-7400 – Telephone
(404) 614-7500 – Facsimile

*Counsel for Defendant Saint-Gobain Abrasives, Inc., f/k/a Norton Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served on all counsel of record by filing the document on CM/ECF.

This 29th day of September, 2015.

                HAWKINS PARNELL
                    THACKSTON & YOUNG LLP

/s/ Todd C. Alley
Todd C. Alley
Florida Bar No. 108536
Email: talley@hptylaw.com
Evelyn F. Davis
Florida Bar No. 0162744
Email: edavis@hptylaw.com
4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3243
(404) 614-7400 – Telephone
(404) 614-7500 – Facsimile

*Counsel for Defendant Saint-Gobain Abrasives, Inc., f/k/a Norton Company*